United States District Court
Southern District of Texas
**ENTERED**
September 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PATRICIA E. NIELSEN; BACK OFFICE BRAINS, INC.; and CORPORATE SOLUTIONS, INC. § § § § Plaintiffs, § § VS. § § UNITED STATES OF AMERICA, § § Defendant. § | CIVIL ACTION NO. 7:21-cv-00328 |

## OPINION AND ORDER

The Court now considers Plaintiffs' "Motion for Emergency Hearing and Application for Temporary Restraining Order."[1] Because of the emergency nature of the motion and the request for a temporary restraining order, the Court considers Plaintiffs' motion now. After considering the motion, record, and relevant authorities, the Court **DENIES** Plaintiffs' motion.

### I. BACKGROUND

This case is a tax dispute. Plaintiffs allege that the Internal Revenue Service is attempting to wrongfully levy taxes against third party taxpayers, by relying on erroneous legal theories, with tax liabilities that are actually chargeable to a "defunct management company."[2] The following are allegations from Plaintiffs' complaint.

In 1997, Plaintiff Patricia E. Nielsen (a citizen of Texas) began operating Professional Employer Organizations ("PEOs provide human resource outsourcing services to client companies") and, beginning in 2002, a management company, Plaintiff Corporate Solutions, Inc.,

---

[1] Dkt. No. 2.
[2] Dkt. No. 1 at 1, 3, ¶¶ 1, 8.

to manage the administrative functions of her PEOs.[3] Between 1997 and 2014, Corporate Solutions performed the administrative functions for 4 PEOs until it was "forced out of business in December 2014 due to multiple litigation issues."[4] In February 2018, "the IRS assessed additional employment tax liability" in the amount of nearly $3 million against Corporate Solutions for all of tax years 2008 and 2009 and for the first quarter of 2010.[5] After Corporate Solutions went out of business, Plaintiff Nielsen turned to "utiliz[e] a separate management company called [Plaintiff] Back Office Brains, Inc."[6]

In 2019, "IRS Revenue Officer Robert Hunt" began investigating Plaintiffs' tax liabilities and contacting relevant individuals.[7] After an August 2019 meeting, Plaintiff Nielsen "determined the correct amount of tax to be assessed pursuant to IRC § 6672" and made "voluntary" payments between September 2019 and July 2021 totaling $591,000.[8] But in July and August 2021, Revenue Officer Hunt issued at least 5 notices of tax levies naming "the taxpayer as 'Patricia E. Nielsen, as Alter Ego of Back Office Brains, Inc as Nominee of Corporate Solutions, Inc.'"[9] Plaintiffs allege that these are wrongful and damaging levies because Plaintiff Nielsen is not an alter ego of Plaintiff Back Office Brains and Back Office Brains is not a nominee of Plaintiff Corporate Solutions.[10] Plaintiffs bring 2 claims: one for a wrongful levy including argument that the IRS's alter ego and nominee theories do not support the levies, and one claim for a temporary restraining order including argument that Plaintiffs satisfy the prerequisites.[11]

---

[3] *Id*. at 4, ¶ 13.
[4] *Id*. at 5, ¶¶ 18–20.
[5] *Id*. ¶¶ 19–21 & n.5.
[6] *Id*. ¶ 22.
[7] *Id*. at 6, ¶¶ 25–27.
[8] *Id*. at 9, ¶¶ 38–41.
[9] *Id*. at 11, ¶ 42.
[10] *Id*. ¶¶ 43–47.
[11] *Id*. at 11–19, ¶¶ 48–72.

Minutes after Plaintiffs filed their complaint, they moved the Court to issue a temporary restraining order.[12] The Court turns to its analysis.

## II. DISCUSSION

### a. Jurisdiction and Venue

This Court has jurisdiction, and venue is properly vested in this Court, under 28 U.S.C. § 1402(c). The Court has jurisdiction to consider injunctive relief in this taxpayer suit under 26 U.S.C. § 7426(b)(1).

### b. Legal Standard

A temporary restraining order may issue under Federal Rule of Civil Procedure 65(b) only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Furthermore,

> [t]here are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. To prevail, Plaintiff[s] must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest.[13]

"To show a likelihood of success, the plaintiff must present a prima facie case, but need not prove that he is entitled to summary judgment."[14] However, the Fifth Circuit has "cautioned repeatedly

---

[12] Dkt. No. 2.
[13] *Vogt v. Tex. Instruments Inc.*, No. CIVA 3:05CV2244 L, 2006 WL 4660133, at *2 n.4 (N.D. Tex. Aug. 8, 2006) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) & *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)); *accord Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).
[14] *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements."[15]

### c. Analysis

#### 1. Formal Requirements for a Temporary Restraining Order

Plaintiffs' motion for a temporary restraining order fails for a simple reason: Plaintiffs failed to comply with the formal requirements of Federal Rule of Civil Procedure 65(b)(1). The Court need not reach the 4 prerequisites to granting the extraordinary relief of a temporary restraining order because (1) Plaintiffs' complaint is not verified and Plaintiffs have not otherwise adduced an affidavit that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition,"[16] or, indeed, what precisely that immediate and irreparable loss is other than a "perceived cloud of a wrongdoing," (which is part and parcel of every lawsuit);[17] and (2) Plaintiffs' attorney failed to certify "in writing any efforts made to give notice and the reasons why it should not be required."[18]

#### 2. Irreparable Injury

Plaintiffs' motion also fails for another reason. Under the Anti-Injunction Act, no suit may be maintained by any plaintiff "for the purpose of restraining the assessment or collection of any tax" unless the suit fits within enumerated narrow exceptions.[19] One such exception is a suit for wrongful levy, but with the limitation that the Court may only grant injunctive relief "[i]f a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property."[20] This statute narrows the Court's analysis of

---

[15] *Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009) (quotation omitted).
[16] FED. R. CIV. P. 65(b)(1)(A).
[17] Dkt. No. 2 at 3, ¶ 11.
[18] FED. R. CIV. P. 65(b)(1)(B).
[19] 26 U.S.C. § 7421(a).
[20] 26 U.S.C. § 7426(b)(1).

Plaintiffs' motion. Although ordinarily *any* substantial threat of immediate and irreparable injury for which Plaintiffs have no adequate remedy at law will suffice to grant a temporary restraining order,[21] the statute "clearly requires irreparable injury to rights *in the property*,"[22] that is, there must be irreparable injury to Plaintiffs' rights to money held in the accounts levied[23] for a temporary restraining order to issue. But claims for temporary deprivations of money,[24] and for consequential damages occasioned by the IRS's levy on a plaintiff's monies,[25] have been held by courts nationwide to be considerations outside the scope of 26 U.S.C. § 7426(b)(1) and the Plaintiffs' specific rights to the monies levied.[26] Because Plaintiffs may recover monies wrongfully levied,[27] with interest,[28] and appropriate damages,[29] there is no irreparable injury for which a temporary restraining order should issue because the levy, if wrongful, may be "undone through monetary remedies."[30] This finding comports with the Internal Revenue Code: "The manifest purpose of s 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund."[31]

In short, even if the Court would find Plaintiffs' claimed financial hardship and potential business closures to be irreparable harm,[32] the Internal Revenue Code limits the Court's

---

[21] *See supra* note 13.
[22] *Ketcham v. United States*, 783 F. Supp. 511, 519 (D. Nev. 1991) (emphasis added).
[23] *See* Dkt. No. 1 at 11 n.12 (describing the 5 levies on Plaintiffs' accounts).
[24] *See Jarro v. United States*, 835 F. Supp. 625, 630 (S.D. Fla. 1992); *Gordon v. U.S. Treasury Dep't, Internal Revenue Serv.*, 322 F. Supp. 537, 540–41 (E.D.N.Y. 1970).
[25] *See Midwest Fin., Inc. v. United States*, 991 F.2d 801, 801 (8th Cir. 1993) (per curiam).
[26] *See Viking Sec. Servs. v. United States*, No. 6:08-CV-720-ORL-19KRS, 2008 WL 1931311, at *2 (M.D. Fla. May 2, 2008) (collecting cases); *First Corp. Sedans, Inc. v. United States*, No. 94 CIV. 7642 (DC), 1996 WL 145958, at *3 (S.D.N.Y. Apr. 1, 1996) (collecting cases).
[27] 26 U.S.C. § 7426(b)(2).
[28] 26 U.S.C. § 7426(g).
[29] 26 U.S.C. § 7426(h).
[30] *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981).
[31] *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962).
[32] *See* Dkt. No. 2 at 2, ¶¶ 4–5.

5 / 6

considerations to *only* the property actually levied upon, and Plaintiffs "cannot claim that the levy will irreparably injure [their] rights in the property levied upon, because [their] interest in the property will not be irreparably lost" if their wrongful levy claim is successful.[33]

The Court briefly adds that it recognizes the exception, notwithstanding the Internal Revenue Code statutes, "that an injunction may be obtained against the collection of any tax if (1) it is 'clear that under no circumstances could the government ultimately prevail' and (2) 'equity jurisdiction' otherwise exists, i. e., The taxpayer shows that he would otherwise suffer irreparable injury."[34] But as Plaintiffs themselves acknowledge, at least some of the factors support the government's alter ego theory,[35] and at least some tax liabilities exist.[36] Plaintiffs do not attempt to claim entitlement to this exception,[37] and the Court does not find that it applies here because it is not clear that under *no circumstances* could the government prevail in this case.

### III. CONCLUSION AND HOLDING

Because Plaintiffs simply failed to comply with the formal requirements for a temporary restraining order, and a temporary restraining order may issue without notice to the adverse party "only if" such requirements are met,[38] Plaintiffs' motion fails. Additionally, because Plaintiffs did not show an irreparable injury under 26 U.S.C. § 7426(b)(1), Plaintiffs' motion fails. Accordingly, Plaintiffs' motion and requests for an emergency hearing and for issuance of a temporary restraining order are both **DENIED**.[39]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of September 2021.

Micaela Alvarez
United States District Judge

---

[33] *Ketcham v. United States*, 783 F. Supp. 511, 518 (D. Nev. 1991).
[34] *Comm'r v. Shapiro*, 424 U.S. 614, 627 (1976) (quoting *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962)).
[35] *See* Dkt. No. 1 at 13–14, ¶ 55.
[36] *See id.* at 9, ¶¶ 40–41.
[37] *See* Dkt. No. 2.
[38] FED. R. CIV. P. 65(b)(1).
[39] Dkt. No. 2.