United States District Court
Southern District of Texas
**ENTERED**
March 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PATRICIA E. NIELSEN; BACK OFFICE BRAINS, INC.; and CORPORATE SOLUTIONS, INC., § § § § | | |
| Plaintiffs, § | | |
| VS. § § | | |
| UNITED STATES OF AMERICA, § § | | |
| Defendant. § | | |
| UNITED STATES OF AMERICA, § § | CIVIL ACTION NO. 7:21-cv-00328 | |
| Counter-Plaintiff, § § | Lead Case | |
| VS. § § | | |
| PATRICIA E. NIELSEN; CORPORATE SOLUTIONS, INC.; WELLS FARGO BANK, N.A.; PABLO "PAUL" VILLARREAL, JR., in his official capacity as Hidalgo County Tax Assessor-Collector; and FROST NATIONAL BANK, § § § § § § § | | |
| Counter-Defendants. § | | |
| GOOD DIRECTIONS, LLC; NIELSEN JOHNSON INVESTMENTS, LLC; and CORPORATE SOLUTIONS, INC., § § § § | | |
| Plaintiffs, § | CIVIL ACTION NO. 7:21-cv-00330 | |
| VS. § § | Member Case | |
| UNITED STATES OF AMERICA, § § | | |
| Defendant. § | | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Counter-Plaintiff, | § |
| | § |
| VS. | § |
| | § |
| GOOD DIRECTIONS, LLC; NIELSEN JOHNSON INVESTMENTS, LLC; CORPORATE SOLUTIONS, INC.; PATRICIA E. NIELSEN; LESLEY A. WATKINS; LYNNE M. WATKINS; FROST BANK; ZACMA, LTD.; PNC BANK, N.A.; VANTAGE BANK TEXAS; HIDALGO COUNTY TAX COLLECTOR; and CAMERON COUNTY TAX COLLECTOR, | § § § § § § § § § § § |
| Counter-Defendants. | § |

## OPINION AND SCHEDULING ORDER

The Court now considers Defendant/Counter-Plaintiff United States' "Unopposed Motion for Leave to File Amended Counterclaim,"[1] and the parties' "Joint Motion to Consolidate"[2] and "Amended Joint Discovery/Case Management Plan Under FRCP 26(f)."[3] Because the motions and plan are joint or unopposed, the Court considers them as soon as practicable.[4]

### I. AMENDED COUNTERCLAIM

Plaintiffs Patricia E. Nielsen; Back Office Brains, Inc.; and Corporate Solutions, Inc. commenced this case, *Nielsen v. United States*, No. 7:21-cv-328, regarding alleged wrongful tax levies on August 31, 2021.[5] Defendant United States answered and counterclaimed on December

---

[1] Dkt. No. 34.
[2] Dkt. No. 35.
[3] Dkt. No. 36.
[4] LR7.2 ("Motions without opposition and their proposed orders must bear in their caption 'unopposed.' They will be considered as soon as it is practicable.").
[5] Dkt. No. 1.

6, 2021.[6] The original counterclaim was aimed at Counter-Defendants Patricia E. Nielsen and Corporate Solutions, Inc., and added Counter-Defendants Wells Fargo Bank, N.A. and the Hidalgo County Tax Assessor and Collector under 26 U.S.C. § 7403(b).[7] The United States now seeks to amend its answer and counterclaim "to add one lienholder, Frost National Bank, as a counterclaim defendant" because Frost National Bank has a lien against the real property at issue.[8] All pre-existing parties are not opposed to the amendment.[9]

The United States requires the Court's leave to file an amended pleading.[10] Ordinarily, the Court considers five warning factors that weigh against granting leave to amend.[11] However, Federal Rule of Civil Procedure 15 is biased toward the granting of amendments[12] and the Court must possess a "substantial reason to deny a party's request for leave to amend."[13] Here, because this case is in its initial stages and in the absence of any opposition, it does not appear that any of the warning factors are present or any substantial reason exists to deny leave to amend. Accordingly, the Court **GRANTS** the United States' motion for leave to file its amended counterclaim. Such counterclaim shall be filed by **March 29, 2022**, and any response thereto shall be due in accordance with Federal Rule of Civil Procedure 12.

### II. CONSOLIDATION

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at

---

[6] Dkt. No. 16.
[7] *Id.* at 14, ¶¶ 5–8.
[8] Dkt. No. 34 at 1–2.
[9] *Id.* at 2–3, ¶ 4.
[10] *See* FED. R. CIV. P. 15(a)(2).
[11] *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).
[12] *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quotation omitted) (". . . FED. R. CIV. P. 15(a) evinces a bias in favor of granting leave to amend."); *Sanders-Burns v. City of Plano*, 594 F.3d 366, 379–80 (5th Cir. 2010).
[13] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation omitted).

issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion."[14]

> Factors for the district court to consider in deciding if consolidation is appropriate include (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.[15]

All parties represent that *Good Directions, LLC v. United States*, No. 7:21-cv-330 (S.D. Tex. 2021) and this case, *Nielsen v. United States*, No. 7:21-cv-328 (S.D. Tex. 2021) share the same factual basis and involve the same or related parties.[16] Specifically, the Plaintiffs in *Nielsen* are Patricia Nielsen herself and companies she was involved in, namely Back Office Brains, Inc. and Corporate Solutions, Inc. The plaintiffs in *Good Directions* are Good Directions, LLC, Nielsen Johnson Investments, LLC, and Corporate Solutions, Inc. These plaintiffs are also businesses in which Patricia Nielsen was involved or owns. Both cases involve Internal Revenue Service levies for allegedly unpaid taxes and counterclaim Defendants with liens or interests against the property levied upon.[17] The parties assert that the cases are ripe for consolidation because they are both pending before this Court, they involve many of the same parties and common issues of law and fact such as the tax liabilities of Corporate Solutions, Inc., and the parties concur that consolidation will reduce prejudice and conserve judicial and party resources.

---

[14] *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).
[15] *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. 4:01-cv-3624, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007) (Harmon, J.) (citing *Frazier*, 980 F.2d at 1531–32).
[16] Dkt. No. 35 at 3, ¶ 1.
[17] *See id.* ¶¶ 1–2.

The Court agrees and **GRANTS** the joint motion to consolidate.[18] The member case *Good Directions, LLC v. United States*, No. 7:21-cv-330 is now closed and all future filings shall be in consolidated lead case *Nielsen v. United States*, No. 7:21-cv-328.

### III. JOINT DISCOVERY/CASE MANAGEMENT PLAN

The Court's February 9, 2022 order directed the parties to brief whether Plaintiff/Counter-Defendant Corporate Solutions, Inc. was a proper party Plaintiff under 26 U.S.C. § 7426(a)(1).[19] After much discussion, Plaintiffs and Defendant United States agree that Corporate Solutions, Inc. cannot be a Plaintiff in this action (or a plaintiff in *Good Directions*).[20] However, the parties seek to avoid amending their pleadings. The parties propose amending the caption or filing a stipulation regarding Corporate Solutions, Inc.[21] The Court finds the proposal appropriate in part. Accordingly, the parties shall file a stipulation no later than **March 25, 2022**, eliminating Corporate Solutions, Inc. as a Plaintiff, and moving forward Corporate Solutions, Inc. shall be eliminated as a Plaintiff in the caption of any filings.

Additionally, in the joint discovery/case management plan filed in *Nielsen*, akin to the plan filed in *Good Directions*, the parties agree on the discovery plan and concur that discovery may be completed in nine months.[22] The Court finds this to be a reasonable deadline. The Court therefore enters the following scheduling order under Federal Rule of Civil Procedure 16(b)(1)(A) in lieu of holding an initial pretrial and scheduling conference. The initial pretrial conference previously scheduled for March 21, 2022,[23] is **CANCELLED**. This case-specific scheduling order controls

---

[18] Dkt. No. 35.
[19] Dkt. No. 33 at 2.
[20] Dkt. No. 36 at 9, ¶ 22.
[21] *Id.*
[22] Dkt. No. 36 at 7, ¶¶ 11, 13.
[23] Dkt. No. 33.

disposition of this action until further order of the Court. The following actions shall be completed by the dates indicated:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Discovery deadline. | December 15, 2022 |
| Deadline to file all pretrial motions, including any dispositive motions, except motions in limine which shall be filed with the joint pretrial order. | January 6, 2023 |
| Deadline to file joint pretrial order, motions in limine, and proposed jury instructions (or proposed findings of fact & conclusions of law).[24] | March 7, 2023 |
| Final pretrial conference and trial scheduling. | April 18, 2023, at 9:00 a.m. |

This scheduling order supersedes any earlier schedule, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[25] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 15th day of March 2022.

_____
Micaela Alvarez
United States District Judge

---

[24] The Joint Pretrial Order must be in accordance with Appendix B of the Local Rules for the Southern District of Texas and must include the disclosures required by Federal Rule of Civil Procedure 26(a)(3).

[25] *See* FED. R. CIV. P. 16(b)(4); 6A MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Apr. 2021).