United States District Court
Southern District of Texas
**ENTERED**
June 21, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| PATRICIA E. NIELSEN; and<br>BACK OFFICE BRAINS, INC., § § § | | |
| Plaintiffs, § § | | |
| v. § § | | |
| UNITED STATES OF AMERICA, § § | | |
| Defendant. § § | | |
| UNITED STATES OF AMERICA, § § | CIVIL ACTION NO. 7:21-cv-328 | |
| Counterclaim Plaintiff, § § | Consolidated Lead Case | |
| v. § § | | |
| PATRICIA E. NIELSEN;<br>CORPORATE SOLUTIONS, INC.;<br>WELLS FARGO BANK, N.A.;<br>PABLO "PAUL" VILLAREAL, JR.,<br>In his official capacity as Hidalgo County<br>Tax Assessor-Collector; and<br>FROST NATIONAL BANK, § § § § § § § § | | |
| Counterclaim-Defendants. § | | |
| GOOD DIRECTIONS, LLC; and<br>NIELSEN JOHNSON INVESTMENTS, LLC, § § § | | |
| Plaintiffs, § § | CIVIL ACTION NO. 7:21-cv-330 | |
| v. § § | Member Case | |
| UNITED STATES OF AMERICA, § § | | |
| Defendant. § | | |

1

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Counterclaim Plaintiff, | § |
| | § |
| v. | § |
| | § |
| GOOD DIRECTIONS, LLC; | § |
| NIELSEN JOHNSON INVESTMENTS, LLC; | § |
| CORPORATE SOLUTIONS, INC.; | § |
| PATRICIA E. NIELSEN; | § |
| LESLEY A. WATKINS; | § |
| LYNNE M. WATKINS; FROST BANK; | § |
| ZACMA, LTD.; PNC BANK, N.A.; | § |
| VANTAGE BANK TEXAS; | § |
| HIDALGO COUNTY TAX COLLECTOR; and | § |
| CAMERON COUNTY TAX COLLECTOR. | § |
| | § |
| Counterclaim Defendants. | § |

## ORDER OF SALE AND APPOINTING RECEIVER

The United States filed its counterclaims in the above-captioned case seeking to obtain a money judgment against Counterclaim Defendant Corporate Solutions, Inc. ("CSI") for the outstanding balance of the unpaid federal employment and unemployment tax liabilities assessed against CSI for certain tax periods between 2008 and 2014 and to enforce its federal tax liens relating to CSI's unpaid tax liabilities through foreclosure and sale of certain real properties titled in the name of Counterclaim Defendants Patricia Nielsen ("Nielsen"), Nielsen Johnson Investments, LLC ("NJI"), and Good Directions, LLC ("Good Directions").

On May 21, 2024, this Court entered an agreed judgment in favor of the United States and against CSI for the outstanding balance of CSI's unpaid federal employment and unemployment tax liabilities totaling over $5.3 million as of January 29, 2024. ECF No. 104 ¶¶ 3, 4. This Court determined that NJI holds title, as CSI's nominee, to the real property located at

222 W. Esperanza, South Padre Island, Texas 78597 ("the Esperanza Property"), which is more fully described as follows:

> Lot number four (4), block number one hundred twenty-three (123), Padre Beach Section VIII, a subdivision in the town of South Padre Island, Cameron County, Texas, according to map recorded in volume 15, page 27, map records of Cameron County, Texas.

*Id.* ¶ 5. This Court further determined that federal tax liens arose against CSI for its unpaid federal employment and unemployment tax liabilities and that such liens attach to all property and rights of property of CSI, including CSI's rights and interests in the Esperanza Property. *Id.* ¶ 6. This Court ordered that "[t]he United States is permitted to sell the Esperanza Property using a receiver pursuant to an order of sale to be entered by the Court upon motion by the United States." *Id.* ¶ 7.

Before this Court is the United States' Unopposed Motion for Entry of Order of Sale and Order Appointing Receiver. Upon consideration of the record in this case, the United States' motion, the agreed final judgment (ECF No. 104), and for good cause shown, it is hereby **ORDERED** that the United States' Motion for Entry of Order of Sale and Order Appointing Receiver is **GRANTED**.

  **IT IS FURTHER ORDERED THAT:**

1. Bruno Zavaleta III is appointed as receiver ("the Receiver") to enforce the federal tax liens against the Esperanza Property pursuant to 26 U.S.C. §§ 7402(a), 7403(d). The Receiver's address for communication purposes is: 1175 W. Price Road, Suite 5, Brownsville, Texas 78520.

2. The Receiver is directed to take possession of, preserve and protect, and arrange for the marketing and sale of the Esperanza Property in a timely manner. The Receiver shall have free and unrestricted access to the Esperanza Property. The Receiver has the authority to arrange for the sale of the Esperanza Property, subject to approval by this Court, in any manner approved by the United States. The closing shall not occur until after the sale of Esperanza Property has been approved by further order of this Court. The terms of any purchase agreement must include the balance of the purchase price paid in cash at closing and may include an earnest money deposit in an amount to be approved by the United States forfeitable on the purchaser's failure to perform. At closing, the purchaser or purchasers will receive the appropriate transfer documents or Receiver's deed to the Esperanza Property executed by the Receiver.

3. The Receiver shall have all the rights and powers necessary to fulfill his obligations under this Order, specifically including, but not necessarily limited to, the power to enter onto the Esperanza Property, to manage the Esperanza Property, to advertise the sale of the Esperanza Property, to put the Esperanza Property into saleable condition, and to take any action reasonably necessary to protect and preserve the value of the Esperanza Property prior to sale. When executing his powers, the Receiver may make expenditures that are first approved by the United States for reasonable and necessary maintenance and improvements, including, but not limited to, the purchase of property and liability insurance.

4. NJI, Nielsen, and CSI and their agents, employees, accountants, attorneys, and representatives are hereby ordered to cooperate with the Receiver and provide requested information to him to allow him to carry out his duties under this Order, including providing

notice of this Order to any current occupants of the Esparanza Property within 3 business days of its entry.

5. The Esperanza Property shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

6. Unless extended in writing by the United States, all persons occupying the Esperanza Property in any manner shall leave and vacate the Esperanza Property permanently by no later than 15-days of service of this Order (the Vacate Date), each taking his or her personal property, but leaving all improvements, buildings, fixtures, and appurtenances to the Esperanza Property. If any person fails or refuses to vacate the Esperanza Property by the Vacate Date, the Receiver is authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected or excluded. The United States Marshal Service is authorized and directed to take all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order. The United States Marshal Service is further authorized and directed to arrest or evict from the premises all persons who obstruct, attempt to obstruct, interfere, or attempt to interfere in any way with the execution of this Order. Any attempt to reenter the Esperanza Property after the Vacate Date could subject that person to being found in contempt of the Court, and such contempt could be punishable by a fine, incarceration, or both. Service of this Order will be provided to all persons occupying the Esperanza Property by hand delivery or by leaving it in a prominent location at the Esperanza Property.

7. Until they vacate the Esperanza Property, all persons occupying the Esperanza Property will take reasonable steps necessary to preserve the Esperanza Property (including all buildings, improvements, fixtures, and appurtenances to the Esperanza Property) in its current condition. They will not commit waste against the Esperanza Property, nor shall they cause or permit anyone else to do so. They will not do anything, which tends to reduce the value or marketability of the Esperanza Property, nor will they cause or permit anyone else to do so. They will not record any instruments or liens against the Esperanza Property, publish any notice, or engage in any other action (such as running newspaper advertisements) that may directly or indirectly tend to adversely affect the value of the Esperanza Property, nor will they cause or permit anyone else to do so.

8. If any person fails or refuses to remove his or her personal property from the Esperanza Property by the Vacate Date, the personal property remaining on the Esperanza Property thereafter is deemed abandoned, and the Receiver is authorized to remove it and to dispose of it in any manner the Receiver sees fit, including sale or destruction without further approval from this Court. The sale of such abandoned personal property shall be at the Receiver's discretion. The proceeds of any such sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

9. Up until the date that this Court confirms the sales of the Esperanza Property, the Receiver and his representatives are authorized to and shall have free and full access to the Esperanza Property in order to take any and all actions necessary to preserve the Esperanza Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Esperanza Property.

10. The Receiver shall set an initial listing price for the Esperanza Property and inform the appearing parties of that price and may reduce the listing price as necessary in the Receiver's judgment. If the Receiver proposes to reduce the listing price for the Esperanza Property, he shall inform the appearing parties and, within seven days of being so informed, if any party that objects to the Receiver's proposed reduction may file an objection. Any non-objecting party may then file a response to the objection within seven days thereafter.

11. The Receiver, through the United States, is required to submit status reports to the Court every ninety (90) days from the date of this Order until there is a final confirmation of sale.

12. The Receiver shall be compensated from the proceeds of the sale of the Esperanza Property (a) in an amount equal to six (6%) percent of the gross sale proceeds from the sale of the Esperanza Property; or if there is another realtor who facilitates the sale of the Esperanza Property, then the Receiver and the purchaser's realtor shall each receive an amount equal to three (3%) percent of the gross sale proceeds from the sale of the Esperanza Property; and (b) for the reasonable and necessary expenditures to protect and preserve the value of the Esperanza Property that were first approved by the United States.

13. The Receiver may be removed at any time by the Court, or upon the request of the United States for cause, as approved by the Court, and a successor shall be named by the Court, after notice to the United States and the other parties. In the event the Receiver resigns, the Receiver shall first provide written notice to the United States, and such resignation shall not be effective until the Court appoints a successor under such conditions as the Court may order.

14. Within 5 days of entry of this Order of Sale and Order Appointing Receiver, the Receiver shall post a copy of this order on the door and in the mailbox of the Esperanza Property.

15. The Clerk of the District Court will accept the proceeds of any sale of the Esparanza Property and deposit them into the Court's interest-bearing registry account and hold them until distribution is directed pursuant to further order of this Court.

16. After the Court confirms the sale of the Esperanza Property, the sale proceeds deposited with the Clerk of this Court shall be distributed in the following order of priority:

   a. First, to pay the costs and expenses of the sale and the Receiver's commission as set forth in this Order, including any costs and expenses incurred to secure and maintain the Esperanza Property;

   b. Second, to Cameron County Tax Assessor-Collector for any unpaid real property taxes that have accrued to the date of sale, including principal and accrued statutory interest;

   c. Third, to PNC Bank for the outstanding balance of its lien against the Esperanza Property as to the date of the sale;

   d. Fourth, to the United States to be applied to CSI's unpaid tax liabilities identified in paragraphs 3 and 4 of the Agreed Partial Judgment (ECF No. 104); and

   e. Fifth, to NJI.

17. The Clerk of the Court shall immediately mail a copy of this Order to all counsel and parties of record.

18.   The Court retains jurisdiction with respect to any matters addressed in this Order, including, without limitation, any matters relating to or affecting the Receiver, lawsuits pertaining to the Receiver, and the scope of authority granted the Receiver hereunder.

Signed this ___21st___ day of _____June_____, 2024.

_____
DREW B. TIPTON
UNITED STATES DISTRICT JUDGE